Consuelo, Amparo y José Manuel Portela Pérez, demandantes y apelantes, *v.* Dolores P. Vda. de Portela y The National City Bank of New York, demandados y apelados.

No. 5913.—*Sometido:* Diciembre 15, 1933. *Resuelto:* Julio 28, 1934.

*M. A. García del Rosario,* abogado de las apelantes; *E. T. Fiddler,* abogado del banco apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Los demandados radicaron en la Corte de Distrito de San Juan una excepción previa a la demanda. La corte inferior sostuvo la excepción, los demandantes permitieron que se dictara sentencia en su contra y apelaron.

La demanda alegaba, entre otras alegaciones que es innecesario transcribir, que los demandantes y la demandada Dolores P. Vda. de Portela, componían la sucesión de Ramón B. Portela, quien falleció en 29 de enero de 1921; que los demandantes y Dolores P. Vda. de Portela, uno de los demandados, fueron declarados herederos universales de Ramón B. Portela, la viuda en la cuota usufructuaria; que la

partición de los bienes relictos de Ramón B. Portela no se llevó a cabo hasta el año 1930 y durante todo el transcurso del tiempo desde la muerte del causante hasta que se llevó a efecto la partición, todas las negociaciones a nombre de la sucesión las verificaba Dolores P. Vda. de Portela; que desde la muerte de Ramón B. Portela hasta la fecha en que se efectuó la partición, Dolores P. Vda. de Portela no había adquirido ni adquirió posteriormente dinero por concepto alguno que implicara propiedad privativa con exclusión de los otros herederos que formaban la sucesión de Ramón B. Portela; que por la escritura de fecha 30 de octubre de 1926 los esposos Nicolás Pérez y Francisca Urbistondo confesaron adeudar la cantidad de $10,000, de los cuales adeudaban $5,000 a Dolores P. Vda. de Portela y $5,000 a Ramón Pérez, a la seguridad de cuyas cantidades constituyeron primera hipoteca voluntaria sobre una finca de su propiedad radicada en el barrio Algarrobo, de Vega Baja, de 72 cuerdas; que la parte del crédito montante a $5,000 que aparecía a nombre de Dolores P. Vda. de Portela pertenecía a la sucesión de Ramón B. Portela, habiendo sido adquirida con dinero perteneciente a dicha sucesión; que por la escritura de fecha 18 de enero de 1927 Ramón Pérez Carreras cedió por valor recibido el crédito hipotecario que tenía a su favor en la propiedad de Nicolás Pérez Carreras y Francisca Urbistondo, a favor de Dolores P. Vda. de Portela; que esta cesión se verificó con dinero perteneciente a la sucesión de Ramón B. Portela; que por la escritura mencionada anteriormente otorgada en 18 de enero de 1927, Dolores P. Vda. de Portela confirió poder a Carlos M. García del Rosario para que cediera el crédito de $10,000 al American Colonial Bank como garantía colateral de la deuda que tenía la mercantil Portela y Gándara, Sucrs. garantizada por ella; que posteriormente Nicolás Pérez Carreras y Francisca Urbistondo cedieron la finca a Dolores P. Vda. de Portela por la suma de $10,000, importe del crédito hipotecario existente a su favor; que en 21 de febrero de 1930 Dolores P. Vda. de Portela vendió la

mencionada finca a la corporación Rubert Hermanos, incorporada, la cual corporación otorgó en pago cuatro pagarés garantizados con hipoteca sobre la misma finca, representando cada pagaré la suma de $2,250; que los pagarés que otorgó la corporación Rubert Hnos. fueron dados en prenda como garantía colateral al National City Bank of New York como continuador del American Colonial Bank, en garantía de la deuda de la mercantil Portela y Gándara Sucrs.; que al efectuarse la partición de los bienes de Ramón B. Portela en 1930, no se incluyó como pertenencia de la sucesión la propiedad enajenada a Rubert Hnos., Inc., y que había sido adquirida por Dolores P. Vda. de Portela con dinero perteneciente a la sucesión, ni se incluyeron tampoco como pertenencia de la sucesión los pagarés que otorgó Rubert Hnos.; que siendo todos los bienes de la herencia de Ramón B. Portela bienes gananciales, le correspondían dos de dichos pagarés a Dolores P. Vda. de Portela como su mitad de gananciales, y los otros dos le pertenecen a los demandantes en esta acción; que The National City Bank es tenedor en prenda actualmente de los dos pagarés otorgados a favor de Dolores P. Vda. de Portela y que vencen en 19 de junio de 1932 y 30 de junio de 1933, y que en una acción radicada ante la Corte de Distrito de San Juan el banco ha solicitado la enajenación en pública subasta de estos dos pagarés; que estos dos pagarés de que es tenedor en prenda The National City Bank son de la exclusiva propiedad de los demandantes en esta acción, como herederos universales de Ramón B. Portela, y no responden de ninguna obligación de la Sucesión al demandado, The National City Bank of New York.

En la demanda se solicitaba se declarara que dichos dos pagarés eran propiedad de los demandantes. La corte inferior resolvió ante estos hechos que aparecía que la demandada Dolores P. Vda. de Portela adquirió los bienes para sí y que el hecho de que la herencia no estuviese dividida no creó presunción de que los bienes así adquiridos por ella pertenecían a la sociedad de gananciales; que la adquisición por parte

de la viuda se hizo en su propio beneficio; que si el dinero con el cual ella hizo la adquisición no le pertenecía, este hecho no podía afectar el derecho adquirido, pero que en cambio existía una deuda creada en su contra y en favor de la persona que era dueña del dinero (la sucesión), la cual podía incoar una acción personal para recobrarla, mas no una reivindicatoria, que corresponde únicamente al dueño, y algo más al mismo efecto. Luego la corte continúa diciendo que como todos los bienes envueltos estaban inscritos en el registro de la propiedad, y como el National City Bank, al adquirir los pagarés no tenía conocimiento de los hechos descritos en la demanda, la acción no procedía.

Los apelantes se fundan en el artículo 1046 del Código Civil, que lee así:

"La omisión de alguno o algunos objetos o valores de la herencia no da lugar a que se rescinda la partición por lesión, sino a que se complete o adicione con los objetos o valores omitidos."

Los apelados dicen en verdad que antes de poderse aplicar este artículo la demanda debe demostrar que los dos pagarés que se tratan de recobrar pertenecían a la sucesión. Lo que la demanda aduce en su efecto total es que la señora Portela obtuvo estos pagarés con dinero perteneciente a la sucesión. Esto no equivale a alegar que el título de los pagarés en cuestión pertenecía a la sucesión.

Después de prestar debida consideración al asunto, convenimos con la corte de distrito en que lo que aquí se trató de hacer es recobrar dos pagarés específicos y, por ende, el pleito participa de la naturaleza de una acción reivindicatoria. Por otra parte, además, no había necesidad de hacer figurar al banco como parte en el litigio. Conforme la corte y el banco apelado indican, los demandantes quizá tengan una causa de acción contra la señora Portela en cobro del dinero de que ella se supone haberse apropiado, más no contra los bienes específicos que figuran a su nombre. No importa que la corte pudiera estar equivocada al decir que los bienes estaban inscritos o que hiciera otras aseveraciones similares. También

se desprende que ninguno de los pagarés fué identificado, mas los demandantes alegan tener derecho a dos de los cuatro pagarés.

En lo que al banco se refiere, no vemos causa de acción posible, toda vez que Dolores P. Vda. de Portela era *sui juris* una persona capacitada para celebrar un contrato y nada hay en los autos que demuestre que ella fuera una tenedora o fiduciaria de la sucesión. Según indican los apelados, no resultaba ningún fideicomiso en favor de los demandantes.

*La sentencia apelada debe ser confirmada.*